UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYCHAEL POWELL,

    Plaintiff,

v.

AMERICAN AIRLINES, INC.,

    Defendant.

Civil Action No. 17-1740 (CKK)

## MEMORANDUM OPINION and ORDER

This matter is before the Court on the Defendant American Airlines' Motion to Partially Dismiss Plaintiff's Complaint [ECF No. 7] and plaintiff's Motion to Amend the Complaint [ECF No. 10]. For the reasons discussed below, the Court grants the former and denies the latter.

### I. BACKGROUND

Plaintiff Mychael Powell, age 58, is an African American male, Compl. at 1, who "has been diagnosed with a [p]syhciatric [d]isability (stress disorder)," *id.* at 2. He also is a former employee of American Airlines, Inc., *id.* at 1, which "employs more than 100,000 individuals," Def. Am. Airlines' Statement of P. & A. in Support of its Mot. to Partial Dismiss Pl.'s Compl. ("Def.'s Mot.") at 2.

Plaintiff was assigned to Ronald Reagan Washington National Airport in Arlington, Virginia as an Airport Customer Care Manager from 2016 until his termination on May 5, 2017. Compl. at 1. According to plaintiff, although he had "performed his job in a satisfactory manner," *id.*, he had "continually [been] treated with general hostility about trips to visit his children in New York on his scheduled days off," *id.* at 2. Defendant, "looking for [a] reason to

1



terminate [plaintiff's] employment," allegedly "asked him to write an incident report [regarding the] arrival [of an] aircraft [on] April 9[,] 2017." *Id.* The manager on duty "waited ten days . . . before asking [plaintiff[ to write" the report, and because plaintiff "was under extreme stress due to two deaths in his family over a two week period," he "was unable to remember all of the intricate details to include in the report." *Id.* Nevertheless, a supervisor directed plaintiff "to write what he could remember." *Id.* Defendant then "terminated [plaintiff's] employment . . . because [the manager] deemed the report not credible." *Id.*

Plaintiff alleges that defendant discriminated against him on the bases of his age, race, color and disability. *Id.* He brings this action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), *see* 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12101 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. §§ 621 *et seq.*, and the Virginia Human Rights Act ("VHRA"), *see* Va. Code Ann. §§ 2.2-3900 *et seq.*

## II. DISCUSSION

In relevant part, the VHRA provides:

> No employer *employing more than five but less than 15 persons* shall discharge any such employee on the basis of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions[.] No employer *employing more than five but less than 20 persons* shall discharge any such employee on the basis of age if the employee is 40 years of age or older.

Va. Code Ann. § 2.2-3903(B) (emphasis added). Defendant moves to dismiss plaintiff's claim under the VHRA with prejudice. Def. Am. Airlines' Statement of P. & A. in Support of its Mot. to Partial Dismiss Pl.'s Compl. ("Def.'s Mot.") at 3-4. "The VHRA . . . creates a limited private

2

cause of action that does not apply to employers with more than fifteen employees," *id*. at 3, and, defendant argues, the VHRA does not apply to it, *id*. at 4.

"[A] plaintiff does not have a cause of action under the VHRA unless the conditions of § 2.2-2639(B) and (C) have been met." *Blankenship v. City of Portsmouth*, 372 F. Supp. 2d 496, 501 (E.D. Va. 2005). Here, because defendant employs far more than 15 individuals, plaintiff's complaint fails to state a claim under the VHRA. *See Jones v. Kroger Ltd. P'ship*, 80 F. Supp. 3d 709, 716 (W.D. Va. 2015); *Walton v. Sch. Bd. of Gloucester Cnty.*, No. 4:06cv75, 2006 U.S. Dist. LEXIS 87477, at *16 (E.D. Va. Dec. 4, 2006).

Plaintiff "understand[s] the dismissal of the Virginia Human Rights Act" claim, and moves to amend his complaint by adding a claim under the District of Columbia Human Rights Act. Mot. to Am. the Compl. at 1.[1] He reasons that District of Columbia law applies because the alleged discriminatory actions "occurred at the Reagan Airport which is located at: Ronald Reagan Washington – Airport Washington DC 20001." *Id*. at 1-2. Plaintiff is mistaken.

Although National Airport primarily serves Washington, D.C., it is located in the Commonwealth of Virginia. The DCRA's intent is "to secure an end *in the District of Columbia* to discrimination" based on a person's race, color or age, among other characteristics. D.C. Code § 2-1401.01 (emphasis added); *see Monteilh v. AFSCME*, 982 A.2d 301, 305 (D.C. 2009) (finding that the DCHRA applies where "[e]ither the decision must be made, or its effects must be felt, or both must have occurred, in the District of Columbia"). It "is not extraterritorial; it does not and cannot secure an end to discrimination in jurisdictions outside of the District of

---

[1] The Court denies as moot plaintiff's motion to amend his complaint by adding claims under Title VII. *See* Mot. to Am. the Compl. at 1-2. Because plaintiff alleges discrimination based on his race and color, *see* Compl. at 2, the Court construes the complaint as one bringing claims under Title VII, and amendment of the complaint is unnecessary.

3

Columbia." *Cole v. Boeing Co.*, 845 F. Supp. 2d 277, 284 (D.D.C. 2012). Absent any allegation that any discriminatory action occurred in the District or that its effects were felt in the District, plaintiff cannot sustain a DCHRA claim. *See Webster v. Potter*, 185 F. Supp. 3d 74, 77 (D.D.C. 2016) (dismissing DCHRA claim brought by Metropolitan Washington Airports Authority law enforcement officer who worked at National Airport); *cf. Pfister v. Dir., Office of Workers Comp. Programs*, 675 F.2d 1314 (D.C. Cir. 1982) (per curiam) (affirming denial of claim under District of Columbia Workmen's Compensation Act by Delta Airlines mechanic who worked at maintenance facility at Washington National Airport).

"A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (citation omitted), *cert. denied*, 568 U.S. 1088 (2013). The plaintiff's DCHRA claim cannot survive a motion to dismiss, and therefore the Court denies plaintiff's motion to amend.

It is hereby

ORDERED that Defendant American Airlines' Motion to Partially Dismiss Plaintiff's Complaint [7] is GRANTED, and plaintiff's claim under the Virginia Human Rights Act is DISMISSED WITH PREJUDICE; it is

FURTHER ORDERED that plaintiff's Motion to Amend the Complaint [10] is DENIED; and it is

FURTHER ORDERED that defendant shall file its Answer by June 11th, 2018.

SO ORDERED.

DATE: May 21, 2018

COLLEEN KOLLAR KOTELLY
United States District Court Judge

4